Justin T. Toth (8438)
Blake M. Biddulph (15541)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah  84145-0385
Telephone:  (801) 532-1500
jtoth@rqn.com

*Attorneys for Plaintiffs Servpro Intellectual Property, Inc.
and Servpro Industries, Inc.*

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SERVPRO INTELLECTUAL PROPERTY, INC and SERVPRO INDUSTRIES, INC.<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN RESTORATION INSURANCE BROKERS, LLC; JASON S. GARDNER; and DARRIN L. WHEAT,<br><br>Defendants. | COMPLAINT<br><br>Civil No. _____<br><br>Judge _____<br><br>JURY TRIAL DEMANDED |

Servpro Intellectual Property, Inc. and Servpro Industries, Inc. (collectively "Servpro") file this complaint for trademark infringement and unfair competition against American Restoration Insurance Brokers, LLC ("ARI"), Jason S. Gardner ("Gardner"), and Darrin L. Wheat ("Wheat") (collectively "Defendants") and state as follows:

## PARTIES

1. Servpro Intellectual Property, Inc. and Servpro Industries, Inc. both have their principal place of business at 801 Industrial Boulevard, Gallatin, Tennessee 37066.

2. Upon information and belief, ARI is a Utah limited liability company whose registered agent for services of process is Steven D. Shemwell, 39 W 9000 S, Sandy, Utah 84070.

3. Upon information and belief, ARI's principal place of business is 39 W 9000 S, Sandy, Utah 84070.

4. Upon information and belief, the business address of Gardner and Wheat is 39 W 9000 S, Sandy, Utah 84070.

5. Upon information and belief, Gardner and Wheat are residents of Utah.

6. According to the ARI website http://aribrokers.com/about-us/, Gardner and Wheat "currently oversee American Restoration Insurance's operations".

7. According to the ARI website http://aribrokers.com/about-us/, Gardner and Wheat are the active agents behind the acts of trademark infringement and unfair competition alleged herein.

## BACKGROUND

8. In business since 1967, Servpro Industries, Inc. is one of the world's largest providers of cleanup and restoration products and services.

9. Servpro Industries, Inc. has more than 1,500 franchisees operating nationwide.

10. Since 1967, Servpro Industries, Inc. and its franchisees have delivered goods and services under the "SERVPRO" mark to customers.

11. The services offered by Servpro or its franchisees include residential and commercial cleaning, water damage restoration, fire damage restoration, mold remediation, storm damage restoration, commercial water damage restoration, commercial fire damage restoration, and commercial storm and major events.

12. Servpro Intellectual Property, Inc. is the owner of many trademarks and trademark registrations for "SERVPRO" variants and derivatives (hereinafter "SERVPRO TRADEMARKS"), more specifically:

a. Servpro Intellectual Property, Inc. is the owner of U.S. Trademark Registration No. 1,845,906 (Exhibit 1 hereto) in connection with "carpet, furniture and drapery cleaning services, services for the restoration of structures and/or contents damaged by fire, water and other catastrophes both indoors and outdoors" for the trademark "SERVPRO";

b. Servpro Intellectual Property, Inc. is the owner of U.S. Trademark Registration No. 3,361,893 (Exhibit 2 hereto) in connection with "mold remediation services" for the trademark "SERVPRO";

c. Servpro Intellectual Property, Inc. is the owner of U.S. Trademark Registration No. 1,707,245 (Exhibit 3 hereto) in connection with "cleaning, painting and repairing services in homes, offices and other buildings" for the following mark:



    d.    Servpro Intellectual Property, Inc. is the owner of U.S. Trademark Registration No. 1,726,156 (Exhibit 4 hereto) in connection with "franchising services; namely, offering assistance in the establishment and/or operation of businesses dealing with cleaning and damage restoration to structures and/or contents" for the following mark:



    e.    Servpro Intellectual Property, Inc. is the owner of U.S. Trademark Registration No. 1,804,022 (Exhibit 5 hereto) in connection with various cleaning products and equipment for the following mark:



13.    Servpro Industries, Inc. is the exclusive licensee of the SERVPRO TRADEMARKS and has extensively used the SERVPRO TRADEMARKS nationally.

14.    Servpro Industries, Inc. and its franchisees have expended millions of dollars promoting the SERVPRO TRADEMARKS.

15.    Servpro Industries, Inc. and its franchisees have provided billions of dollars' worth of goods and services under the SERVPRO TRADEMARKS.

16. As a result of this extensive use and promotion of the SERVPRO TRADEMARKS, Servpro has developed significant and extensive good will in the SERVPRO TRADEMARKS nationally.

17. As a result, the SERVPRO TRADEMARKS are strong and famous throughout the United States.

18. The SERVPRO TRADEMARKS are well known to Servpro franchisees.

19. Servpro franchisees are required to carry a certain level of insurance.

20. Restoration Risk Retention Group ("RRRG"), a company affiliated with Servpro, provides insurance services to Servpro franchisees.

21. Defendants at http://aribrokers.com/servpro-get-a-quote/ offer what they call "SERVPRO Specific Insurance Program".

22. Defendants at http://aribrokers.com/servpro-get-a-quote/ display the following:



23. Defendants at http://aribrokers.com/servpro-get-a-quote/ state that "Here at American Restoration, we have created a ServPro specific insurance program with coverages designed exclusively for the industry."

24. Defendants at http://aribrokers.com/servpro-get-a-quote/ have a hyperlink called "ServPro Get a Quote".

25. Defendants at http://aribrokers.com/servpro-get-a-quote/ provide a statement that "*Program complies with ServPro Bulletin #3667-F & #3717-F for General Liability and Pollution Coverage."

26. Defendants' use of SERVPRO is not authorized by Servpro.

27. Defendants' use of SERVPRO is neither fair use nor in good faith.

## JURISDICTION AND VENUE

28. Subject matter jurisdiction for the trademark infringement and unfair competition claims exists with respect to the claims asserted in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338.

29. Venue is proper in this Court in accordance with 28 U.S.C. § 1391.

## PERSONAL JURISDICTION

30. The Court has personal jurisdiction over Defendants because Defendants engage in business in Utah and are located in Utah.

31. Further, the acts complained of herein occurred in Utah.

32. Similarly, the exercise of personal jurisdiction over Defendants comports with due process requirements of the United States Constitution because: (a) Defendants have purposefully established "minimum contacts" with the State of Utah, and (b) the exercise of personal jurisdiction over Defendants will not offend the traditional notions of fair play and substantial justice. Therefore, this Court has specific and general jurisdiction over Defendants.

## CAUSES OF ACTION

### *Count I - Trademark Infringement*

33. Servpro realleges and incorporates by reference each of the numbered paragraphs above as if fully set forth herein.

34. By offering its insurance services displaying "Servpro," Defendants are using the SERVPRO TRADEMARKS in a manner likely to create confusion among the consuming public as to source, origin, sponsorship, and/or affiliation.

35. As ARI is a business entity, its actions, including those of using the SERVPRO TRADEMARKS, are controlled by Gardner and Wheat serving as active agents.

36. Defendants' conduct relating to the use of the SERVPRO TRADEMARKS is without the permission of Servpro.

37. Defendants are thus in violation of 15 U.S.C. § 1114 regarding the SERVPRO TRADEMARKS and of 15 U.S.C. § 1125(a) regarding all of Servpro's Trademarks.

38. Such acts by Defendants cause Servpro irreparable harm as to which Servpro is entitled to a temporary restraining order, preliminary injunction, and permanent injunction under 15 U.S.C. § 1116.

39. Such acts further cause harm to Servpro as to which Servpro is entitled to recover actual damages as well as the costs of any necessary corrective advertising.

40. Given that Defendants' conduct is willful, Servpro is entitled to an accounting of profits, attorneys' fees, and multiplied damages.

*Count II - Unfair Competition*

41. SERVPRO realleges and incorporates by reference each of the numbered paragraphs above as if fully set forth herein.

42. Defendants have no right to use the SERVPRO TRADEMARKS in connection with their goods or services, yet Defendants have passed off their services to the public as if they are the goods or services of Servpro.

43. Defendants have acted with an intent to deceive the public as to the source of their goods and services, and the public has, in fact, been confused or deceived as to the true source of Defendants' goods and services and their rights and authority regarding the SERVPRO TRADEMARKS.

44. Defendants' unlawful usurpation of Servpro's rights and property constitutes unfair competition under the common law of Utah.

**WHEREFORE**, Servpro respectfully prays that this Court grant the following relief:

A. That the Court enter injunctive relief, ordering that Defendants, as well as its officers, agents, servants, employees, attorneys and all others in active concert or participation with them, are enjoined and restrained from:

1. Engaging in any conduct that infringes the SERVPRO TRADEMARKS;

2. Offering any goods or services using any mark containing the SERVPRO TRADEMARKS;

3. Offering any goods or services using any mark containing Servpro;

4. Engaging in any advertising that tends in a false or misleading manner to associate the Defendants' goods or services with Servpro or with Servpro's goods or services;

5. Using "SERVPRO," "Servpro" or any variants or derivations thereof in Google ad words or as metadata;

6. Engaging in any advertising that tends to adversely affect the public's perception of Servpro or Servpro's goods or services.

B. That the Court enter preliminary and permanent injunctive relief ordering Defendants, in accordance with 15 U.S.C. § 1116, to file a verified report with this Court within

thirty (30) days of the Court's entry of the order for injunctive relief, specifying in detail the manner and form in which Defendants have complied with the injunction and order of this Court.

  C. That the Court award Servpro damages, an accounting of profits, and attorneys' fees and costs;

  D. That the Court award Servpro multiplied damages because of Defendants' willful wrongful conduct;

  E. A trial by jury as to all issues; and

  F. That the Court award such further relief as is merited under law and equity.

DATED this 13th day of November, 2015.

              RAY QUINNEY & NEBEKER P.C.


              */s/ Justin T. Toth*
              Justin Toth
              Blake M. Biddulph
              *Attorneys for Plaintiffs Servpro Intellectual Property, Inc. and Servpro Industries, Inc.*

*1351383v1*